UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORGAN CONAWAY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:15-CV-1253 CAS |
| ) | |
| SMITHKLINE BEECHAM CORPORATION, ) | |
| d/b/a GLAXOSMITHKLINE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER CONCERNING REMOVAL

This matter is before the Court on review of the file following removal. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).

Plaintiffs initially filed suit in the Circuit Court of the City of St. Louis, State of Missouri. The petition alleges state law claims including for negligence, strict liability failure to warn, breach of warranty and fraud. Defendant Eli Lilly and Company ("Eli Lilly") removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

In removal cases, the district court reviews the petition pending at the time of removal to determine the existence of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283

(1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" Id.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a). In addition, in a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e))

A different inquiry applies to the citizenship of limited liability companies (LLC). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for limited liability companies such as defendant GlaxoSmithKline, LLC, the Court must examine the citizenship of each member of the limited liability company to determine whether it has diversity jurisdiction. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th

2

Cir. 2004) ("GMAC").  For any members of LLCs that are themselves limited liability companies, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged.[1]

Defendant Eli Lilly's removal notice is procedurally defective because it does not allege sufficient facts to establish the Court's jurisdiction over this matter.  The Notice of Removal asserts that defendants SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, and GlaxoSmithKline LLC, are collectively "a corporation organized under the laws of the State of Delaware" with a principle place of business in Delaware.  Notice of Removal at 3, ¶ 8.  However, "an LLC is not necessarily a citizen of its state of organization but is a citizen of each state in which its members are citizens."  GMAC, 357 F.3d at 829.  The Notice of Removal contains no allegations as to the relevant jurisdictional facts concerning defendant GlaxoSmithKline LLC's citizenship: the state(s) of which each of its members were citizens at the time the petition was filed and at the time of removal, as required by GMAC and Ryan.

The Court will grant defendant Eli Lilly seven (7) days to file an amended Notice of Removal alleging the existence of the requisite diversity of citizenship of the parties.  Consistent with 28 U.S.C. § 1446(a), which requires that the notice of removal contain a "short and plain statement" of the grounds for removal and be signed pursuant to Rule 11, Federal Rules of Civil Procedure, this Order requires only allegations of the requisite jurisdictional facts.  Defendant Eli Lilly's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

---

[1] In Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990), the Supreme Court held that for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited.

Accordingly,

**IT IS HEREBY ORDERED** that, by **August 24, 2015**, defendant Eli Lilly shall file an Amended Notice of Removal alleging sufficient facts to establish the state(s) of citizenship of each of defendant GlaxoSmithKline LLC's members, both at the time of filing and the time of removal.

**IT IS FURTHER ORDERED** that if defendant Eli Lilly does not timely and fully comply with this order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of August, 2015.